Filed 3/25/26  P. v. Belmares CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　v.<br><br>JARED BELMARES,<br><br>　　　Defendant and Appellant. | C103957<br><br>(Super. Ct. No. 19FE015430) |

　　　In 2022, defendant Jared Belmares was convicted of multiple counts of lewd and lascivious acts with a child.  On direct appeal, the case was remanded for resentencing to include consideration of Penal Code section 1170, subdivision (b)(6).[1]  On remand, the

---

[1]  Undesignated statutory references are to the Penal Code.

　　Section 1170 contains a presumption in favor of the low term if certain mitigating circumstances were "a contributing factor in the commission of an offense," including suffering childhood trauma and youth (below 26 years old) at the time of the crimes.

trial court sentenced defendant to 25 years in prison, which included the upper term on the principal count. Disagreeing with defendant's claim of error, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant, his younger brother David, and their mother provided daycare for the victim and her sister (and others) five days a week at their mother's home. The victim testified that, starting when she was about six years old, defendant on 10 or 20 different occasions over the course of one to two years made her put her hand on his penis and move it up and down. Each incident took place in defendant's bedroom. Defendant was about 21 years old when the incidents started. The victim and her sister also testified that David forced them to engage in sexual acts with him. There was also uncharged evidence that defendant and David had molested other girls.

In April 2022, a jury found defendant guilty of four counts of lewd and lascivious acts with a child under the age of 14 by force or fear. (§ 288, subd. (b)(1); counts 10-13.) The jury found true that defendant had substantial sexual conduct with the victim, who was younger than 14 years old. (§ 1203.066, subd. (a)(8).) The jury also found true the following aggravating factors: (1) the crime involved great violence or other acts disclosing a high degree of cruelty (2) the victim was particularly vulnerable, (3) the crimes involved planning or sophistication, and (4) defendant took advantage of a position of trust. (Cal. Rules of Court, rule 4.421(a)(1), (3), (8), & (11).)[2]

The probation report noted that defendant's Static-99R score was two, meaning his relative risk to reoffend was average. There were two mitigating circumstances: (1) no criminal history and (2) youth, as defendant was under 26 years old at the time of the

_____

(§ 1170, subds. (b)(6)(A) & (b)(6)(B) In such cases, the trial court may impose the middle or upper term only if it finds that the aggravating circumstances outweigh the mitigating circumstances such that imposition of the low term would be contrary to the interests of justice. (§ 1170, subd. (b)(6).)

[2] Undesignated rule references are to the California Rules of Court.

crimes. (Rules 4.423(b)(1), (6).) The report recommended the upper term consecutive on each count, for a total of 40 years.

In August 2022, the trial court sentenced defendant to 34 years in prison, including the upper term of 10 years for count 10 and consecutive middle terms of 8 years for each of the remaining three counts. On direct appeal, we remanded the matter for consideration of section 1170, subdivision (b)(6), and otherwise affirmed the judgment.

On remand, defendant filed a sentencing brief asking the trial court to impose the low terms and thereby reduce his sentence to 20 years, based on his youth and childhood trauma. Defendant included an excerpt from a 2013 report from a psychologist who opined that the family home environment was "chaotic and lack[ed] appropriate supervision." Citing two social worker reports from 2008, defendant argued that he had been brought up in a home that home "was not well-maintained or well run." He and David had been home-schooled and were "for the most part unsupervised." Even though Child Protective Services had placed "numerous abused and traumatized toddlers and pre-teens" in his mother's daycare, the mother sometimes left defendant and David in charge of the other children in the home. Once, a social worker learned that defendant (who was then 17 years old) had picked up a 10-year-old child from school and escorted the child to his mother's home.

Defendant had "middling" performance in high school but was able to graduate. He started smoking marijuana in 2005, when he was in ninth grade, and began drinking alcohol the following year. In 2009, defendant was involved in a hit and run, and in 2011 he was convicted of a "wet reckless." Defendant moved out of his mother's home in 2010 and began leading a successful adult life. He got a job at a local restaurant, got married, became a stepfather, and had two biological children.

Defendant acknowledged that, in 2008, 2010, and 2011, four different victims claimed to have been sexually abused while they attended the mother's daycare. He argued the current evidence against him was unreliable, since the (charged) victim had

3

changed her story to claim that the abuse happened after defendant had moved out of his mother's home. Defendant further noted investigators failed to find any sexually explicit images on his phone.

Defendant acknowledged he had some initial discipline issues while in prison, but noted that he had engaged in rehabilitative programs, including vocational training, and his Static-99R score indicated his risk of reoffending was low. He provided supportive letters from family and friends.

The prosecution filed a brief asking the trial court to impose the original 34-year sentence or higher, arguing that even if defendant's youth was a contributing factor to the crimes, section 1170, subdivisions (b)(2) and (b)(6) gave the court discretion to impose the upper term if the aggravating circumstances outweighed the mitigating circumstances such that it would be contrary to the interests of justice to impose the low term. The prosecution argued that was the case here because defendant had repeatedly sexually assaulted a young child in a callous and sophisticated manner. Moreover, defendant sustained rules violations while in prison, and there was no evidence he had engaged in self-help or sex offender treatment courses while incarcerated.

During the May 2025 resentencing hearing, defense counsel argued that, even if the court imposed the upper term on the principal count, it could still impose the low term on the subordinate counts, based on defendant's youth at the time of the crimes. Although the aggravating factors "weigh[ed] heav[ily]," defendant's young age was also significant, especially since defendant had worked so hard to turn his life around. In addition, the jury had not found true that defendant's conduct demonstrated he was a serious risk to society. (Rule 4.421(b)(1).) As to defendant's rehabilitative efforts, in defense counsel's experience, sex offender treatment was only available at the state hospitals, not in prisons. Leniency was warranted given that defendant's punishment would be lengthy no matter what term the court imposed. Defendant testified that this experience had been traumatic for him, especially given his young family.

4

The prosecution responded that defendant had failed to take responsibility or show remorse despite molesting multiple children.

The trial court acknowledged it had read and considered the probation report, the parties' briefing and exhibits, and its impressions of the witnesses' trial testimony. As to defendant's request for the low term, the court noted that section 1170, subdivision (b)(6) permitted the imposition of a different term if it found that the aggravating circumstances outweighed the mitigating circumstances such that the imposition of the low term would be contrary to the interest of justice.

Regardless, the trial court found that section 1170, subdivision (b)(6) did not apply because neither the lack of supervision nor defendant's youth had been shown to be contributing factors to the crimes. Instead, defendant committed multiple acts of abuse on the victim over a period of time, "showing planning and advanced thought." There was also insufficient evidence to establish that defendant had suffered from psychological, physical, or childhood trauma, especially since defendant had failed to produce any psychological evaluations of *himself* (as opposed to David).

The trial court sentenced defendant to an aggregate 25 years in prison: the upper term of 10 years on count 10 and the low term of five years consecutive on each of counts 11, 12, and 13. In selecting the upper term on the principal count, the court noted that the jury had found true that defendant had substantial sexual conduct with the victim, as well as the multiple aggravating circumstances. The court described the victim as been particularly vulnerable given her young age, how much smaller she was than defendant, and the fact that she was afraid her younger sister would be harmed if she told anyone about the abuse. It was "clear" that defendant "took advantage of his position of trust." And, given that he was an adult at the time of the crimes, he showed great callousness toward the victim. The court added that it was not "normal[]" for young people who babysit to sexually abuse children in their care. These aggravating factors outweighed the two mitigating factors noted in the probation report.

5

In selecting the low term on the subordinate counts, the trial court noted that defendant had made rehabilitative efforts while incarcerated, and he had minimal criminal conduct.

Defendant timely appealed.

**DISCUSSION**

Defendant contends the trial court abused its discretion in failing to impose the low term on the principal count based on his youth at the time of the crimes and his childhood trauma. He argues the court disregarded the evidence that he was a "victim[] of ongoing and severe parental neglect long before" the current crimes. He argues that he lived in an unsanitary home, was expected to bear adult responsibilities such as caring for other children, and was at " 'substantial risk' " due to his "apparently unrestricted access to controlled substances like marijuana and alcohol." Defendant appears to further argue that, because he was unsupervised, there was no way for him to know what he was doing was wrong, and the trial court erred in assuming that it was not normal for babysitters to abuse children. In addition, the court should have considered that, as a young adult, defendant was susceptible to his younger brother David's "horrible and misguided . . . entreaties." We are not persuaded.

As we have described, *ante*, section 1170 contains a presumption in favor of the low term if certain mitigating circumstances were "a contributing factor in the commission of an offense," including suffering childhood trauma and being younger than 26 years old at the time of the crimes. (§ 1170, subds. (b)(6)(A), (B).) The plain language of section 1170, subdivision (b)(6) makes clear that "the mere fact a defendant is young or has suffered past trauma is insufficient--either or both must be 'a contributing factor in the commission of the offense' for the low term presumption to apply." (*People v. Knowles* (2024) 105 Cal.App.5th 757, 765.) If the statute applies, the trial court may impose a sentence above the low term only if it finds that the aggravating

6

circumstances outweigh the mitigating circumstances such that imposition of the low term would be contrary to the interests of justice. (§ 1170, subd. (b)(6).)

We review a trial court's sentencing decisions for abuse of discretion. (*People v. Sandoval* (2007) 41 Cal.4th 825, 847.) "A court abuses its sentencing discretion when it acts arbitrarily and capriciously, relies on improper matter in reaching its decision, or is unaware of the scope of its discretion so that it does not exercise informed discretion at all." (*People v. Knowles, supra,* 105 Cal.App.5th at p. 765.) The party challenging the sentencing decision bears the burden of showing that the court has abused its discretion. (*Ibid*.)

Here, the trial court's finding that the evidence failed to establish that defendant's youth or any childhood trauma contributed to the current crimes, as required for the low term presumption under section 1170, subdivision (b)(6), appears to be within its discretion. Defendant was at least 20-21 years old when he started molesting the six-year-old victim; he was young but still an adult. Over the course of one to two years, he molested the victim 10 to 20 times in his bedroom. The repeated nature of these incidents over an extended period of time indicates these were not impulsive crimes related to his youth or his mother's lack of supervision. Instead, defendant was an adult sexual being who had multiple opportunities to reflect on his actions and stop or get help or both. He chose to continue molesting the very young victim in secret, while in a position of trust as a part-time caregiver. There was simply no evidence that his actions in his young 20's would have been different if he had been in his mid-to-late 20's. Nor was there evidence that his disadvantaged background, described mainly as lack of supervision, caused him trauma such that it contributed to his sexual abuse of little children. Defendant has not met his burden to show an abuse of discretion in the trial

7

court's decision to impose low term sentences on only three of defendant's four counts of conviction, and to impose the upper term on the remaining count.[3]

**DISPOSITION**

The judgment is affirmed.

_____/s/_____
Duarte, J.

We concur:

_____/s/_____
Robie, Acting P. J.

_____/s/_____
Krause, J.

---

[3] Given this conclusion, we need not and do not reach defendant's alternative argument that trial court abused its discretion in making its alternative finding that the aggravating factors outweighed the mitigating factors here.